UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OTIS RENALDO HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 17-cv-10945-IT |
| | * | |
| JEFFERY GRONDOLSKY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

September 25, 2018

TALWANI, D.J.

## I. Introduction

Petitioner Otis Renaldo Harris's Petition for Writ of Habeas Corpus Pursuant to the Savings Clause 28 U.S.C. § 2241 ("Petition") [#1] challenges the use of three state felony drug convictions as predicate offenses for a career offender sentencing enhancement under the United States Sentencing Guidelines ("U.S.S.G") § 4B1.1. Pet. 1 [#1]. Respondent Jeffrey Grondolsky has moved to dismiss, arguing that: (1) Petitioner's claim should have been brought under 28 U.S.C. § 2255; (2) Petitioner's claim is not subject to the Savings Clause in § 2255(e) because Petitioner fails to demonstrate that the remedies under § 2255 are "inadequate or ineffective"; and (3) even if Petitioner had brought a claim under § 2255, this court does not have subject matter jurisdiction to hear such a claim. Mot. Dismiss 1, 9-10 [#13]. For the reasons set forth below, the Motion to Dismiss [#13] is ALLOWED.

## II.     Background

Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 pursuant to a Plea Agreement [#13-1] in the District of Maryland. Pet. 4 [#1]; Mot. Dismiss Attach. 1 ("Plea Agreement") ¶ 1 [#13-1]. At sentencing on November 23, 2009, the court determined that Petitioner's offense level as a career offender was 34 and his criminal history category was VI, "which under the sentencing guidelines provide[d] a recommended range of sentence of 262-327 months." Mot. Dismiss Attach. 2 ("Sentencing Tr.") 12:4-8 [#13-2]. Petitioner was sentenced to 280 months imprisonment and five years of supervised release. Id. 24:9-11, 17-18 [#13-2]. Petitioner did not appeal. See United States v. Harris, No. RWT 8:08-cr-0319-006 (D. Md. Nov. 23, 2009).

On June 2, 2014, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 [#13-4] in the United States District Court for the District of Maryland, arguing ineffective assistance from counsel, Rule 11 violations, abuse of discretion by the court, and that the sentencing enhancements were improper. Mot. Dismiss Attach. 4 ("Pet'r's 2255 Mot.") 7-8 [#13-4]. On the government's motion, the court dismissed Petitioner's § 2255 motion as untimely, issuing no certificate of appealability. Mot. Dismiss Attach. 6 ("2255 Order") [#13-6].

On May 19, 2017, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet. [#1]. In response, Respondent filed the pending motion to dismiss. Mot. Dismiss 1 [#13].

**III.     Analysis**

   a. Petitioner's Challenge to the Validity of His Sentence Falls Under § 2255

28 U.S.C. §§ 2241 and 2255 allow prisoners to challenge their detention from two different approaches. 28 U.S.C. § 2255 petitions are the proper means for a petitioner to "claim[] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). 28 U.S.C. § 2241 habeas petitions challenge "the execution rather than the validity of the sentence," United States v. Barrett, 178 F.3d 34, 43 (1st Cir. 1999).

Petitioner's claim challenges the validity of his sentence. Petitioner argues that his three prior felony convictions should not have been used to add the career offender enhancement to his sentence and that Petitioner should have been sentenced to less time in custody. Pet. 4-5 [#1]. Since Petitioner is challenging the validity of his sentence, not the execution, this claim falls under § 2255.

   b. This Court Does Not have Jurisdiction to Hear Petitioner's § 2255 Claim

This court lacks subject matter jurisdiction to hear Petitioner's § 2255 claim for two reasons. First, a § 2255 petition must be filed in the district court "which imposed the sentence." 28 U.S.C. §2255(a). Petitioner was sentenced in the United States District Court for the District of Maryland, and so must file his petition there. Second, a prisoner, like petitioner, seeking to file a second or successive § 2255 petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The appropriate court of appeals to hear Petitioner's request for leave to file a second or successive

3

petition is the Fourth Circuit Court of Appeals. Petitioner has not received authorization from that court to bring a second or successive petition.

Accordingly, this district court in the District of Massachusetts lacks subject matter jurisdiction to adjudicate Petitioner's claim under § 2255.

c. Petitioner Cannot Bring a § 2241 Claim by Way of the Savings Clause

Petitioner contends that the petition is properly brought under § 2241, because Petitioner invokes the savings clause in § 2255(e). The savings clause in § 2255(e) allows a prisoner to file a petition pursuant to § 2241 in the "rare and exceptional circumstances" where his remedy under § 2255 proves "inadequate or ineffective to test the legality of his detention." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Here, Petitioner has made no such showing.

> [F]or the Court to have jurisdiction to consider a petition brought under the savings clause, the prisoner must be able to either (1) "prove his actual innocence on the existing record" and that he "could not have effectively raised his claim of innocence at an earlier time," Barrett, 178 F.3d at 52 (internal quotation marks omitted) (quoting Triestman v. United States, 124 F.3d 361, 363, 377-78 (2d Cir. 1997)); or (2) prove that a "complete miscarriage of justice" would result if the petition is denied, Calvache, 183 F. Supp. 2d at 127 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

Henderson v. Grondolosky, No. 16-12459-DJC, 2017 WL 4038392, at *3 (D. Mass. Sept. 12, 2017). "Relief under § 2255 is not inadequate or ineffective merely because § 2255 relief has already been denied." Id. (internal quotations omitted).

Petitioner does not allege that he is innocent of his three underlying drug convictions. He argues instead that his three prior convictions no longer qualify him as a career offender in light of Mathis v. United States, 136 S. Ct. 2243 (2016), Descamps v. United States, 133 S. Ct. 2276 (2013) and Begay v. United States, 128 S. Ct. 158 (2008). He asserts that his categorization as a career offender was "a complete miscarriage of justice in violation of his rights to due process of law," and that he should be able "to obtain relief based on the substantive change in law by the

4

Supreme Court in [Mathis, Descamps, and Begay[1]]." But this challenge remains a challenge to the validity of his sentence. Accordingly, this court lacks jurisdiction to consider this petition under 28 U.S.C. § 2255(e).

**IV.     Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss is ALLOWED and Petitioner's Petition for Writ of Habeas Corpus is DISMISSED.

IT IS SO ORDERED.

Date: September 25, 2018                                        /s/ Indira Talwani
                                                                United States District Judge

---

[1] Mathis v. United States, 136 S. Ct. 2243 (2016); Descamps v. United States, 133 S. Ct. 2276 (2013); Begay v. United States, 128 S. Ct. 158 (2008).